IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRADLEY A. WICKS,**

    **Plaintiff,**

    v.                                                      CASE NO. 22-3107-SAC

**ANGELA TOLBOSH WINGER,**
et al.,

    **Defendants.**

## ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. At the time of filing, Plaintiff was detained at the Rice County Jail in Lyons, Kansas. Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) On May 31, 2022, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and assessed an initial partial filing fee in the amount of $124.00, calculated under 28 U.S.C. § 1915(b)(1). (Doc. 3.) The order provides that the failure to pay the initial partial filing fee or file an objection by June 14, 2022, "may result in the dismissal of this matter without further notice." *Id*. Plaintiff has failed to pay the fee or file an objection by the Court's deadline.

On June 1, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff an opportunity to show good cause why this matter should not be dismissed and an opportunity to file an amended complaint to cure the deficiencies set forth in the MOSC. The Court's order was mailed to Plaintiff at his current address of record and was returned as undeliverable with a notation that Plaintiff was no longer in custody. (Doc. 5.)

The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last

address of record of an attorney or pro se party is sufficient notice." D. Kan. Rule 5.1(c)(3). Plaintiff has failed to provide the Court with a Notice of Change of Address.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to provide the Court with a Notice of Change of Address and has failed to submit the initial partial filing fee by the Court's deadline.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed without prejudice** under Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated June 17, 2022, in Topeka, Kansas.**

                                              <u>s/ Sam A. Crow</u>
                                              **SAM A. CROW**
                                              **U. S. Senior District Judge**